## Job Emery *vs.* Jeremiah Goodwin.

In this State, since the militia act of 1834, the company roll and the record thereof, without the production of the orderly book, are competent and sufficient evidence to prove that the company had mustered, and that a soldier was absent on a given day.

This is a writ of error to reverse a judgment recovered before a Justice of the Peace, in an action brought by *Goodwin* as clerk of a company of militia for the amount of a fine alleged to have been incurred by *Emery* by reason of his absence from the annual company training and inspection on the first day of *May*, 1838.

Emery *v.* Goodwin.

The errors assigned in addition to the general error, were : —

1. Because the said Justice admitted the testimony of the clerk to prove the mustering of said company, the calling of the roll, and the absence of said *Emery* on said first day of *May*, 1838.

2. Because the said Justice admitted the book of enrolment as evidence of the mustering of said company on said first day of *May*, 1838, and the calling of the roll, and the absence of said *Emery.*

3. Because it did not appear from the orderly book of said company, that said company was mustered on said first day of *May*, or that the roll was called, or that said *Emery* was absent on that day.

4. Because the orderly book aforesaid contained no record of the proceedings of said company on said first day of *May*.

In pursuance of an order from the commanding officer of the company to the clerk to warn the company, he duly warned *Emery* to appear at the usual place of parade at a specified hour on said first day of *May*. This order to the clerk, with his return thereon showing the notice to the original defendant, was duly recorded on the *orderly book* of the company; but there was not upon that book any record, that there was any mustering of the company on the first Tuesday of *May*, 1838, or that the roll was called, or that the defendant was absent, or any entry of record whatever in relation to any thing done on that day. Evidence was introduced by *Goodwin*, which was seasonably objected to by *Emery*, and admitted by the Justice, from which it appeared by the *company roll* used at a training of the company at the time and place mentioned in the order, and by *the record of the roll*, both which were produced duly certified by the clerk of the company, that in the column headed " *Absent*," " the usual straight mark" was set against the names of certain persons, among whom was the defendant, and that in the column headed " *Present*," a similar mark was set against the names of certain other members of the company, among whom were the captain and clerk, and the deficiences of members were noted in the proper column upon the roll and recorded in the record of the roll. The roll was duly corrected on the first Tuesday of *May*, and so certified by the clerk. The clerk of the company was called as a witness, and testified,

that the company met at the time and place appointed on that day, that the roll was duly called, and that *Emery* was absent.

*J. Hubbard*, for the plaintiff in error. The only question presented in the several errors assigned is, whether the absence of the original defendant was proved by competent and sufficient evidence.

1. The testimony of the clerk was inadmissible to prove the mustering of the company, the calling of the roll, and the absence of *Emery*. He is not made a competent witness to prove his own case by testifying to these facts, by any provisions of the statutes. The design was merely to remove any incompetency by reason of the interest of the clerk, or from his being the party, but not to change or subvert the established rules of evidence nor to substitute evidence, in its nature inferior, for that of a superior kind. The principle, if carried out, would dispense with the necessity of any documentary evidence. *Sawtell* v. *Davis*, 5 *Greenl.* 438; *Tripp* v. *Garey*, 7 *Greenl.* 266. The statute relaxing one of the most beneficial rules of evidence, ought to be construed strictly.

2. The book of enrolment was incompetent evidence to prove the facts for which it was admitted. It does not necessarily appear from any thing thereon, that the company was mustered on the first day of *May*, or that the roll was called; it is only matter of inference. It is not an original record, but a mere copy of the roll used on the field. It is not in its nature, so high a kind of evidence as the orderly book, where the fact of a member's absence is distinctly recorded. It did not prove the fact for which it was admitted. It did not appear from it, that *Emery* was absent on the day specified. *Commonwealth* v. *Pierce*, 15 *Pick.* 170. Were the clerk competent to explain the marks, he did not do it in this case.

3. The orderly book was the best evidence of the fact of the mustering of the company, without which there could not have been any delinquency, and also of the calling of the roll, and absence of the defendant. *Cobb* v. *Lucas*, 15 *Pick.* 1, and 7. The *Militia Statue of* 1834, *c.* 121, § 12, provides, that it shall be the duty of the clerk " to register all orders and proceedings of the company in the orderly book."

*Hayes & Cogswell*, for *Goodwin*, argued, that the records here were made up by the clerk in the mode required by law, and were the best evidence for the purposes for which they were introduced.

The orderly book is the book on which should be entered the proceedings of the commissioned officers of the company. Here were entered the order from the captain to the clerk, to warn the company to appear at the time and place, and the return thereon, that the order had been obeyed. It is the duty of the *clerk*, to see whether all the members of the company are present, and " to note all delinquencies." His doings are not to be entered on the orderly book, but upon the roll where he is " to note all delinquencies." The roll should be recorded, and it was done, and both the original and the record are produced. The law does not require this to be entered on the orderly book, and it would be useless to do it. The roll does show the meeting of the company, and who met and who did not meet. The blanks furnished by the *Adjutant General*, and used here, have distinct columns for those present, and those absent, and every member of the company was marked, " or noted" one way or the other.

The admission of the testimony of the clerk does not vitiate the proceedings, if the facts in the case were fully made out without his testimony. *Farrar* v. *Merrill*, 1 *Greenl.* 17 ; *Cobb* v. *Lucas*, 15 *Pick.* 1.

The opinion of the Court was by

WESTON C. J. — No question is raised in this case, except as to the competency of the proof before the Justice, that the company was mustered, and the plaintiff in error absent, on the day, when he is alleged to have been delinquent. His counsel insists, that this could be legally proved only by the orderly book.

In *Cobb* v. *Lucas*, 15 *Pick.* 1, *Morton J.* says, that the orderly book is the best evidence of the meeting of the company, and of the absence of the soldier. But the term best, there used, is in reference to the same facts, proved by the testimony of the clerk. Compared with this, the orderly book was the best evidence, and his testimony therefore legally inadmissible. But it is not to be understood from that opinion, that the orderly book is the best evidence absolutely, compared with any and all other evidence. In another case between the same parties, 15 *Pick.* 7, the same Judge says, the orderly book is competent and sufficient evidence of these facts. In the *Commonwealth* v. *Pierce*, 15 *Pick.* 170, a roll of the company, with arbitrary pencil marks, indicating the

absence of members of the company, as explained by the clerk, was held insufficient, because by the law of *Massachusetts*, the clerk was not a competent witness to give such explanation. It is not deducible from these cases, that in *Massachusetts* the roll of a company, or the record of the roll, is not competent evidence, that the company had mustered, and that a soldier was absent on a given day.

But whatever may be the law of *Massachusetts*, we are of opinion, that in this State, the roll and the record of the roll is sufficient and competent evidence of these facts. By the act in relation to the militia, *stat.* of 1834, *c.* 121, § 50, the Adjutant General is authorized to issue blank forms, for the use of the officers, to be uniform throughout the State. In *Sawtell* v. *Davis*, 5 *Greenl.* 438, it was held, that the forms furnished by the Adjutant General, in conformity with law, have the same binding force, as if contained in the act itself.

The statute provides, § 12, that the clerk shall keep a fair and exact roll of the company, which roll he shall annually revise on the first Tuesday of *May.* In the forms furnished by the Adjutant General, there is a column to designate the presence, and another the absence of the officers and soldiers. The roll, being a public document, made in pursuance of law, and following the form prescribed by competent authority, is evidence of the mustering of the company and of the absence of delinquents. The order for the muster of the company is proved by testimony, which is undisputed. The roll shows, as the case finds, " by the usual strait mark," in the proper column, that the captain, clerk and certain of the company did appear, and that the plaintiff in error did not appear. It would seem, that these facts are sufficiently apparent from the roll itself, without explanation. But if explanation is necessary, the clerk is by the *stat.* of 1837, *c.* 276, § 8, made a competent witness, to testify to all or any facts within his knowledge. The course adopted is liable to no objection. It appears to have been usual ; and if the clerk has a better knowledge than others of the meaning of his marks, and no higher evidence exists, his testimony is made by law admissible. In the *Commonwealth* v. *Pierce*, the clerk was not a legal witness. In the opinion of the Court, none of the errors are well assigned.

*Judgment affirmed.*